STATE, Plaintiff, v. SUEMNICK, Defendant.

*No. State 195. Decided April 12, 1974.*
(Also reported in 216 N. W. 2d 753.)

For the plaintiff: *James A. Drill* of New Richmond, counsel for the Board of State Bar Commissioners.

For the defendant: *J. Robert Kaftan* and *Kaftan, Kaftan, Kaftan, Kuehne & Van Egeren, S. C.,* all of Green Bay.

PER CURIAM.  On September 11, 1973, the Board of State Bar Commissioners filed a complaint charging the defendant with unprofessional conduct in making false representations concerning the status of legal proceedings to clients in three unrelated cases. Subsequent to a hearing before the board, the action was submitted on a stipulated set of facts. We have examined the allegations and stipulation with regard to each case, and we conclude that discipline must be imposed.

Count 1 of the complaint concerned defendant's retention by clients concerning a personal injury claim against the city of Oconto while Count 3 concerned defendant's retention by a client with respect to a workmen's compensation claim. In both cases defendant advised the clients of his work and services in negotiating with various parties involved concerning settlements when no such efforts had been made by him in either case. With regard to Count 3, defendant drew up a fictitious stipulation and order containing the conformed signatures of the compensation carrier's attorney and the director of the workmen's compensation division of the ILHR department.

In Count 2, defendant was retained by an estate executor to probate a will. As with Counts 1 and 3, defendant informed the executor that he was making efforts to conclude the estate and that he in fact ultimately did so when no such efforts had ever been made. The deception in this case included a final accounting and judgment containing the conformed, typewritten signature of the county judge.

It goes without saying that the cornerstone of an attorney-client relationship must be a feeling of absolute trust in the attorney by the client. When Attorney Suemnick made deliberate misrepresentations to his clients, he eroded that trust and confidence not only as to himself but as to the entire legal profession. Even more shocking was the deliberate use of the conformed signatures of a state administrative official and of a county judge as part of the deceptions. In each case, both the end to be achieved and the means of achieving that end constituted unprofessional conduct meriting discipline.

We recognize that the record contains several mitigating factors. In none of the three cases involved was there any motive of pecuniary or other gain. Plaintiffs in the

first and third counts have settled their disagreements with defendant at considerable expense to him, and subsequent to his disclosure concerning probate of the estate in the second count, he was allowed by the court to conclude the estate.

There is some basis in the record to believe that defendant's conduct was in part the result both of inexperience in the areas of law involved in each count and of a reluctance to inform the clients in the first and third counts that their causes of action had no merit. Defendant apparently has regained the client confidence and reputation he possessed prior to these cases.

However, in light of the number of deceptions performed by the defendant and the substantial period of time over which they were carried out, and especially in light of the fictitious papers and signatures used to perpetuate the schemes, we agree with the board that Attorney Suemnick's conduct in all three cases was unprofessional and such as to bring discredit upon himself and his profession. Defendant is hereby reprimanded for such conduct, and he shall pay the costs of this action.